IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HOUSTON ANDREW WHITE**                                                    **PLAINTIFF**

v.                                                                    No. 4:20-CV-00054-RP

**MARSHALL TURNER, RICKY SCOTT,
PELICIA HALL, LETHA WILLIAMS, JERRY
WILLIAMS, TIMOTHY MORRIS, BRENDA COX,
LEE SIMON, VERLENA FLAGG, and TOMMY TAYLOR**         **DEFENDANTS**

## PROCESS AND SCHEDULING ORDER

The Court finds that this case should go forward as to all Defendants. Accordingly, the Court has established the following deadlines:

1. Counsel for the Mississippi Department of Corrections ("MDOC") has agreed to accept service of process on behalf of all defendants named in this action. A responsive pleading is due on behalf of these defendants by **December 30, 2020**. Should counsel accepting service demonstrate that he cannot represent any of these defendants, he must notify the court immediately of the defendant's last known address so the court may effect process upon that defendant under 28 U.S.C. § 1915(d).

2. No formal discovery, such as interrogatories, request for production, or requests for admission will be permitted without leave of the court. By **January 29, 2021**, the defendants must provide the plaintiff with his disciplinary records, administrative records, photographs/videos, medical records, and any other records related to this incident. Under Fed. R. Evid. 502(d), and particularly under the peculiar circumstances of this litigation, the court holds that no privilege or protection associated with the plaintiff's records - other than the waiver

provided by the provisions of Miss. R. Evid. 503(f) - is waived by disclosure connected with this litigation, and disclosure in this litigation also does not waive privilege or protection in any other federal or state proceeding.

3. The deadline for amending pleadings or joining defendants is **December 30, 2020**.

4. The parties must file their witness and exhibit lists by **March 1, 2021**. A witness list must include the name, address, MDOC number (if applicable), of every witness, *including the plaintiff or any party who plans to testify on his own behalf*, and a **very brief** summary of the anticipated testimony of the witness. Witness lists must be accompanied by a certification that the witness has agreed to testify and that the party has discussed the testimony with the witness. **Each party must list witnesses in order of importance to his case**, from most important to least important. Due to the expense of transporting and maintaining incarcerated witnesses, the court may not issue writs for incarcerated witnesses whose testimony is irrelevant or merely cumulative. If the court does not receive a witness list in a timely fashion, the party failing to provide the witness list will not be allowed to call witnesses to testify at the trial of this matter. The court does not have the authority to issue subpoenas for witnesses who are not incarcerated on behalf of an *in forma pauperis* plaintiff. The plaintiff **must** submit a witness and exhibit list in a timely manner; failure to do so will result in dismissal of the case.

5. All motions must be filed by **March 31, 2021**.

6. An evidentiary hearing is set for **September 20, 2021** at 10:00 a.m. in Oxford, MS, Courtroom 2, before United States Magistrate Judge Roy Percy. *Although referred to as an "evidentiary hearing" it is, in every respect, a trial on the merits in which the Plaintiff's claims will be finally adjudicated. Plaintiff in this case consented to have the undersigned conduct all proceedings in this case, including trial and entry of final judgment. Moreover, as there has*

2

*been no demand for a trial by jury, the trial in this cause will be a bench trial, during which the undersigned will preside. At trial (evidentiary hearing), Plaintiff will be permitted to present his case, including the questioning of any witnesses and offering of exhibits. In turn, Defendants will be permitted to present their defense. Following the conclusion of this trial (evidentiary hearing), a judgment will be entered, finally adjudicating the plaintiff's claims on the merits.*

7. In the event any damages or other moneys become payable to or for the benefit of the plaintiff as a result of this litigation, whether by way of satisfaction of a judgment, compromise settlement, or otherwise, the plaintiff remains liable to the United States for the reimbursement of all court costs, fees and expenses which he has caused to be incurred in the course of this litigation, and the United States will have a lien against any damages or other moneys until the United States has been fully reimbursed for those court costs, fees and expenses by payment of them into the court.

8. The plaintiff must acknowledge receipt of this order by signing the enclosed acknowledgment form and returning it to the court within fourteen (14) days of this date.

9. The plaintiff's failure to keep the court informed of his current address or to comply with the requirements of this order may lead to dismissal of his lawsuit under Fed. R. Civ. P. 41(b), for failure to prosecute and failure to comply with an order of the court.

**SO ORDERED**, this the 23rd day of November, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE